**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| | : | No. 17-62 |
| v. | : | |
| | : | |
| RAHEEM PLEASANT | : | |
| | : | |

**McHUGH, J**                                                                                **SEPTEMBER 5, 2018**

## **MEMORANDUM**

      This is a prosecution for multiple bank robberies, in which Defendant Raheem Pleasant moves to suppress historical cell-site location information (CSLI) associated with his cellular telephone. The Government obtained the CSLI, without a warrant, through an order issued pursuant to 18 U.S.C. § 2703(c), a provision of the Stored Communications Act, based on a showing that the records were "relevant and material" to an ongoing criminal investigation. In moving to suppress, Defendant correctly argues that under the Supreme Court's recent decision in *Carpenter v. United States*, ____ U.S. ____, 138 S. Ct. 2206 (2018), the CSLI was obtained by the Government in violation of the Fourth Amendment. Defendant is also correct that *Carpenter* retroactively applies to this case. That does not end the inquiry, because the Government is equally correct that there is a good faith exception to application of the exclusionary rule. Having considered the parties' submissions, I am persuaded that the government agents who accessed this information did so in good faith reliance on a federal statute and circuit court precedent that was controlling at the time. Because application of the exclusionary rule here would not serve the purpose of deterring unlawful conduct by law enforcement, Defendant's Motion to Suppress will be denied.

In January 2017, Magistrate Judge Hart issued an order authorizing the Government to access Defendant's CSLI pursuant to the Stored Communications Act. 18 U.S.C. § 2703(c) allows a governmental entity to obtain CSLI from a service provider by means of a court order if it "offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." *Id.* § 2703(d). This statutory standard, however, "falls well short of the probable cause required for a warrant." *Carpenter*, 138 S. Ct. at 2221. In *Carpenter*, the Supreme Court addressed the constitutionality of this provision under the Fourth Amendment and concluded that, in accessing CSLI from wireless carriers, the Government had "invaded" the defendant's "reasonable expectation of privacy in the whole of his physical movements." *Id.* at 2219. It therefore held that the Government must obtain a search warrant, supported by probable cause, before accessing a defendant's CSLI from a service provider. *Id.* at 2221.

Despite *Carpenter*, Defendant's Motion lacks merit. Under the exclusionary rule, as a general matter, the government may not introduce evidence in a criminal trial that was obtained in violation of the Fourth Amendment. The exclusionary rule, however, is rooted in policy considerations: it serves to enforce the Fourth Amendment by discouraging police misconduct. As the Supreme Court has recognized, the Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," but it has no provision "expressly precluding the use of evidence obtained in violation of its commands." *Arizona v. Evans*, 514 U.S. 1, 10 (1995). Consequently, the exclusionary rule "is not an individual right and applies only where it 'result[s] in appreciable deterrence.'" *Herring v. United States*, 555 U.S. 135, 141 (2009) (quoting *United States v. Leon*, 468 U.S. 897,

909 (1984)) (internal quotations omitted). Stated differently, it is a judicially imposed sanction applied when necessary to enforce the Constitution.

The critical question then becomes whether some deterrent purpose would be served by excluding the evidence in this case. As the Supreme Court has observed, "when the police act with an objectively reasonable good-faith belief that their conduct is lawful . . . , the deterrence rationale loses much of its force." *Davis v. United States*, 564 U.S. 229, 238 (2011) (citing *United States v. Leon*, 468 U.S. 897 (1984)) (citations and internal quotations omitted). Under this "good faith" exception to the exclusionary rule, the Court has held that evidence obtained in violation of the Fourth Amendment may not be excluded, if, for example, an investigating officer relies on a facially valid warrant, conducts a search in "objectively reasonable reliance on binding precedent," or acts pursuant to a statute that is not unconstitutional on its face. *See Leon*, 468 U.S. at 920–21; *Herring*, 555 U.S. at 142 (summarizing cases where the Court has applied the good faith exception); *Davis*, 564 U.S. at 241 ("Evidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule."); *see also Illinois v. Krull*, 480 U.S. 340, 349 (1987).

I conclude that the agents in this case acted in good faith in accessing Defendant's CSLI data. First, the agents did not act on their own: they appropriately sought a court order from Magistrate Judge Hart pursuant to 18 U.S.C. § 2703(d) before accessing the CSLI data. Second, the agents proceeded under a federal statute that had previously survived constitutional challenge in the Third Circuit. In 2010, the Court of Appeals specifically upheld § 2703(d) in the face of a Fourth Amendment attack. *See In re Application of U.S. for an Order Directing a Provider of Elec. Commc'n Serv. to Disclose Records to Gov't*, 620 F.3d 304, 313 (3d Cir. 2010) ("[W]e

3

hold that CSLI from cell phone calls is obtainable under a § 2703(d) order and that such an order does not require the traditional probable cause determination.").

Considering the weight of authority supporting the constitutionality of § 2703(d), no serious argument can be made that the agents should have recognized the unconstitutionality of §2703(d) on their own. Before *Carpenter*, no federal circuit had found it deficient. *See United States v. Thompson*, 866 F.3d 1149 (10th Cir. 2017); *United States v. Graham*, 824 F.3d 421 (4th Cir. 2016); *United States v. Carpenter*, 819 F.3d 880 (6th Cir. 2016), *cert. granted*, 137 S. Ct. 2211 (2017), *and rev'd and remanded*, 138 S. Ct. 2206 (2018). Furthermore, although two decisions from the Supreme Court, *United States v. Jones*, 565 U.S. 400 (2012), and *Riley v. California*, ––– U.S. ––––, 134 S. Ct. 2473 (2014), could be said to have foreshadowed the holding in *Carpenter*, even after their issuance the Third Circuit continued to uphold § 2703(d) as constitutional, *United States v. Stimler*, 864 F.3d 253 (3d Cir. 2017), despite Judge Restrepo's prescient argument to the contrary. 864 F.3d at 275. In that regard, it bears mention that *Carpenter* itself was decided by a vote of five to four.

In summary, the agents here proceeded by means of a court order issued under a federal statute that had repeatedly withstood Fourth Amendment scrutiny. By any measure, they proceeded in good faith under then existing law, with the result that no purpose would be served by suppression.

    /s/ Gerald Austin McHugh
United States District Judge