**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL ACTION** |
| | : | **No. 17-62** |
| **RAHEEM PLEASANT** | : | |
| | : | |

 **McHUGH, J.**                                                                 **December 15, 2020**

## MEMORANDUM

After his pretrial motions were denied, defendant Raheem Pleasant pleaded guilty to four

counts of bank robbery in violation of 18 U.S.C. § 2113(a). He appealed the pretrial rulings to

the Third Circuit but withdrew that appeal on February 14, 2019.[1]  He now brings this pro se

motion pursuant to 18 U.S.C. §2255.  For several reasons, the motion fails.

First, it is untimely. The Circuit granted the motion to dismiss the appeal the same day it

was filed.  ECF 104.  Mr. Pleasant did not (and could not) appeal his voluntary dismissal of his

direct appeal, and as a result the judgment in this case  became final for Section 2255(f) purposes

on May 15, 2019—that is, ninety days after the Third Circuit's dismissal of his direct appeal. Mr.

Pleasant therefore had until May 15, 2020, at the latest, to file a timely petition under Section

2255(f). *United States v. Serrano,* No. 05-067, 2008 WL 2780597, at *1 (E.D. Pa. July 15, 2008)

(describing "strict and short" statute of limitations for Section 2255). He missed this deadline by

---

[1] Third Circuit case 18-3821.  The Government has attached the relevant docket entry from the
Court of Appeals to its response to the pending motion.  ECF 109, Exhibit A. The filing with the
circuit includes Mr. Pleasant's letter of instruction to counsel directing withdrawal of his appeal.

just under two months, because the certificate of service Petitioner signed was dated July 3, 2020, the petition was postmarked July 7, 2020, and it was docketed July 9, 2020.

Mr. Pleasant invokes equitable tolling in an attempt to excuse his late filing, asserting that his attorney had died before he could put forth any substantive arguments on appeal.  That is belied by the record, as counsel, the late James Lammendola, indisputably filed a motion with the circuit on February 14, 2019 withdrawing the appeal, attaching the written instructions of his client, Mr. Pleasant.   I will further take judicial notice that Mr. Lammendola's date of death was in fact February 18, 2019.  Mr. Pleasant raises no other ground to toll the time limitation, and I can see none.

Moreover, having voluntarily abandoned his direct appeal, the claims he raises here would be procedurally defaulted for purposes of Section 2255 even if his petition were timely. That is so because the general rule is that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice," *Massaro v. United States,* 538 U.S. 500, 504 (2003), neither of which can be said to exist where a defendant of his own volition  withdraws his direct appeal. *See also United States v. Travillion,* 759 F.3d 281, 288 n.11 (3d Cir. 2014) ("[I]ssues which should have been raised on direct appeal may not be raised with a § 2255 motion.").

Finally, even if not both untimely and procedurally defaulted, the motion does no more than seek to revisit arguments thoroughly considered before Mr. Pleasant entered his plea. *United States v. Pleasant*, 17-0062, 2017 WL 5010370 (E.D. Pa. Nov. 1, 2017).  As recounted there in detail, Mr. Pleasant was identified  because of thorough  police work, and because the surveillance video was sufficiently clear so that his probation officer, a cousin he enlisted to move incriminating evidence, and the mother of his child could all identify him as the robber.  *Id*

at *5. I have already considered, and rejected, Mr. Pleasant's argument that he was wrongfully arrested, and his car was wrongfully seized. *Id.* at *2.  He cites no new evidence or any change in the law since then.

The motion will be denied, without a certificate of appealability.  An appropriate order follows.

/s/   Gerald Austin McHugh
United States District Judge