IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | No. 17-62 |
| RAHEEM PLEASANT | : | |

McHUGH, J.                                                                                                      February 24, 2023

**MEMORANDUM**

Raheem Pleasant pleaded guilty to participating in four bank robberies, for which he received a Guideline sentence of 160 months. He has served approximately 73 months of that sentence, and now moves for compassionate release pursuant to 18 U.S.C. section 3582 (c)(1)(A)(i). For the reasons that follow, the motion will be denied.

Mr. Pleasant asserts the need to care for his grandmother as the basis for his motion. As an initial matter, I note that the Third Circuit has endorsed the Sentencing Commission's policy statement regarding compassionate release as an appropriate source for courts to consider. *United States v. Andrews,* 12 F.4th 255, 260 (3d Cir. 2021). That statement suggests that qualifying family circumstances should be limited to situations where the defendant is the only available caregiver for a spouse or for minor children. U.S.S.G. § 1B1.13 app. note 1(C). The Commission's policy statement is neither controlling nor dispositive, and I can conceive of circumstances involving a grandparent that might qualify. But it bears some weight as Mr. Pleasant does not point to any case where release to care for a grandparent has been granted, nor has the Court's research revealed any. And the Government accurately cites numerous cases to the contrary. *E.g., United States v. Goldberg,* 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020); *United States v. Ingram*, 2019 WL 3162305 (S.D. Ohio July 16, 2019); *United States v. Henry*, 2020 WL 3791849,

1

at *4 (E.D.N.Y. July 6, 2020); *United States v. Thorpe,* 2019 WL 6119214 (C.D. Ill. Nov. 18, 2019).

More importantly, Mr. Pleasant has not provided any details about his grandmother's condition or her current needs for care, nor how it is he would propose to care for her. Neither does he demonstrate that he is the only available caregiver for her. Courts routinely require such a showing where care for others forms the basis for a compassionate release motion. *See United States v. Rooks,* 2022 WL 267899, at *6 (E.D. Pa. Jan. 28, 2022); *United States v. Ellsworth-Daway,* 2021 WL 2823081, at *2-3 (E.D. Pa. July 7,2021); *United States v. Cruz-Rivera,* 2020 WL 5993352, at *7 (E.D. Pa. Oct. 9,2020).

Separately, I must also consider the factors set forth in 18 U.S.C. §3553(a). The bank robberies in which Mr. Pleasant participated are crimes giving rise to great concern. That concern is magnified by his criminal record which includes his having committed the first robbery in this case when he was in a halfway house while on parole from an earlier robbery charge. It appears that Mr. Pleasant has committed himself to rehabilitation, and for that he is to be commended. But, aside from him failing to establish "extraordinary and compelling" circumstances, early release would undermine the need to promote respect for the rule of law, and the need to deter him from future crimes.

An appropriate order will follow.

                                                  s/Gerald Austin McHugh
                                                  United States District Judge