IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL ACTION** |
| | : | **No. 17-62** |
| **RAHEEM PLEASANT** | : | |

---

**McHUGH, J.**                                                                           **February 23, 2026**

**<u>MEMORANDUM</u>**

Raheem Pleasant pleaded guilty to participating in four bank robberies, for which he received a Guideline sentence of 160 months.  He has previously sought relief under 18 U.S.C. § 2255, and unsuccessfully moved for compassionate release.  ECF 117. Now pending is a motion for appointment of counsel and a second motion for compassionate release pursuant to 18 U.S.C. section 3582 (c)(1)(A)(i). For the reasons that follow, the motions will be denied.

As to the motion requesting counsel, there is no right to counsel as this stage, *United States v. Fleming*, 5 F.4th 189, 193 (2d Cir. 2021), and having reviewed the issues Mr. Pleasant seeks to raise, I do not see any basis on which counsel could raise meritorious arguments.

As to the motion seeking compassionate release, the Government is correct that his sentencing argument does not technically fall within the scope of the compassionate release statute,[1] but mindful of Mr. Pleasant's pro se status I will address it.

Mr. Pleasant argues that his designation as a career offender was wrong, citing *United States v. Myrick*, 2023 WL 2351693 (E.D. Pa. Mar. 2, 2023).  But there is no need to parse this argument in detail as he has two prior crimes unrelated to drug trafficking, both of which were

---

[1] To the extent that the motion seeks relief under Guideline Section 1B1.13(b)(6), Mr. Pleasant has not served the ten years required to assert a gross sentencing disparity.

crimes of violence. He was convicted of armed robbery under 18 Pa. Cons. Stat. § 3701(a)(1)(ii), which qualifies as a "crime of violence" under the career offender guideline. *United States v. Henderson*, 80 F.4th 207 (3d Cir. 2023).  He was also convicted of aggravated assault for having shot a man.  *United States v. Brasby*, 61 F.4th 127 (3d Cir. 2023) (analyzing a New Jersey statute that tracks 18 Pa. Cons. Stat. § 2702(a)(1)).[2]

Mr. Pleasant next cites the hardship and emotional distress of being incarcerated during the COVID-19 pandemic as a basis for his release. There is no doubt that being confined during the pandemic would create unique fears of vulnerability, but such fears were mitigated once vaccines were made available to the federal prison population.  And the pandemic has passed.  In general, courts have not deemed the pandemic a basis for release without evidence of specific harm to a petitioner.  *See, e.g.*, *United States v. Hernandez*, 2022 WL 910091, at *5-6 (E.D. Pa. Mar. 28, 2022) (Leeson, J.).

Finally, Mr. Pleasant cites his efforts at rehabilitation as a basis for release, albeit with little detail.  But by statute, this does not support release, but is a factor to be considered only in connection with other grounds for relief. 28 U.S.C. § 994(t).

I must also consider the factors set forth in 18 U.S.C. §3553(a).  The bank robberies in which Mr. Pleasant participated are crimes giving rise to great concern. In three of them bank employees were confronted with what he identified as a gun. And as noted in one of my earlier opinions, the first robbery in this case was committed when he was in a halfway house while on parole from an earlier robbery charge.

---

[2] I agree with the Government that other cases Mr. Pleasant cites no longer carry weight as a result of *Delligatti v. United States*, 145 S. Ct. 797 (2025).

Aside from Mr. Pleasant having failed to establish "extraordinary and compelling" circumstances, early release would undermine the need to promote respect for the rule of law, and the need to deter him from future crimes.

An appropriate order follows.

s/Gerald Austin McHugh
United States District Judge
